IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CRUZ DEJESUS ORTIZ, | Case No. 1:09CR80 DAK |
| Defendant. | Judge Dale A. Kimball |

This matter is before the court on Defendant Cruz DeJesus Ortiz's (1) Motion for Suppression of Evidence Obtained from Defective Affidavit and request for *Franks* hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and (2) Motion to Compel Disclosure of Confidential Informant's Identity. Defendant Ortiz filed his two motions on June 1, 2010. The United States responded to both motions three months later–on September 9, 2010. No reply memoranda have been filed concerning either motion, and the time for filing a reply has now passed. The court has carefully reviewed the parties' memoranda relating to these motions. Now, being fully advised, the court enters the following order.

The United States accurately points out in its response to the motion that Defendant is not entitled to a *Franks* hearing based on the information provided to the court in the Defendant's Motion. In *Franks*, the United States Supreme Court held:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to

be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Franks*, 438 U.S. at 171-72.

In this case, Defendant has failed to establish that there are any false statements in the affidavit or that the law enforcement officer deliberately lied or recklessly disregarded the truth when making those statements. Second, the court finds that, even if the court were to set aside the alleged false statements in the affidavit, no evidentiary hearing is required because there remains sufficient content in the affidavit to support a finding of probable cause.

The court also agrees with the United States that disclosure of the informant's identity is not required in this case. A defendant seeking disclosure of the identification of a confidential informant has the burden of proving a need to breach the long-standing privilege of the government to withhold this information. *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997) (citing *United States v. Martinez*, 979 F.2d 1424 (10th Cir. 1992). The Defendant must demonstrate that disclosure is "relevant and helpful" to the defense or "essential to a fair determination of a cause." *Rovario v. United States*, 353 U.S. 53, 61 (1957).

In considering whether a defendant has met this burden, the court must balance the public interest in protecting the flow of information against the individual's right to prepare a defense,

considering the crime charged, the possible defenses, and the possible significance of the informant's testimony, and other relevant factors. *Id*. at 62.

Mr. Ortiz has not met the burden required to overcome the government's privilege of confidentiality in this case. Disclosure is not required if the confidential informant did not participate in the illegal activity charged, if the information sought is merely cumulative, or if its value to the defense is merely speculative. *See, e.g., United States v. Leahy*, 47 F.3d 396, 398 (10th Cir. 1995) (citations omitted); *United States v. Gordon*, 173 F.3d 761, 767-768 (10th Cir. 1999). The confidential informant in this case is not a material witness to the crime charged and is not in possession of any unique evidence. In balancing the speculative defense justification against the government's interest in protecting the flow of information and its interest in protecting the safety of its confidential informant, the court declines to compel disclosure of the informant's identity.

Accordingly, Defendant's Motion to Suppress Evidence and Request for a *Franks* Hearing [Docket No. 55] is DENIED, and Defendant's Motion to Disclose Identity of Confidential Informant [Docket No. 58] is DENIED. Counsel in this case are directed to contact the court to set a date for trial.

DATED this 4th day of November, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge